**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dwayne Deleston,                                                  Civil No. 14-558 (RHK/SER)

        Plaintiff,                                               **ORDER**

        v.

United States of America,

        Defendant.

This matter is before the Court for consideration of two post-judgment motions filed by the above-named Plaintiff.  The first motion, entitled "Motion to Amend or Make Additional Findings of Fact Under Fed. R. Civil P. 52(b), and/or to Alter or Amend the Judgment Under Fed. R. Civil P. 59(e)" (Doc. No. 8), seeks an order that would vacate the judgment that dismissed this action. (See Judgment entered March 5, 2014, [Doc. No. 6].)  Plaintiff contends that the judgment should be set aside so that the Court can consider and grant his second pending motion (Doc. No. 7), which is a motion seeking leave to file an amended complaint.  See The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005) ("'[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)'") (citations omitted).

This action was dismissed pursuant to 28 U.S.C. § 1915A, because Plaintiff's original complaint failed to state a cause of action on which relief could be granted.[1]  In the original complaint, Plaintiff attempted to sue the United States of America under the Federal Tort Claims

---

[1]  Section 1915A requires that a complaint filed by a prisoner, which seeks relief against a governmental entity or agent, must be reviewed as soon as it is filed, and it must be dismissed if it fails to state an actionable claim for relief.  Plaintiff is a federal prison inmate, so § 1915A applies to his pleadings.

Act ("FTCA") based on allegations that certain employees of the Federal Bureau of Prisons ("BOP") seized, detained and destroyed some of his personal property.  Plaintiff does not deny that his original complaint was fatally defective, but he now seeks leave to file a new complaint so that he can attempt to sue a different set of defendants based on new legal theories.  Plaintiff's Motion for leave to amend indicates that he now wants to sue the BOP and certain BOP employees under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff wants to sue the new Defendants identified in his proposed amended complaint for allegedly violating his federal constitutional rights by depriving him of his personal property without affording him due process.

However, Plaintiff's proposed amended complaint fails to state an actionable due process claim, because he was afforded a post-deprivation remedy for his allegedly misappropriated property under the BOP's administrative remedy procedures, and he has therefore received all of the due process to which he is entitled.  See Hurst v. Snider, 530 Fed. App'x 168, 169 (3rd Cir. 2013) (unpublished opinion) (federal prisoner "alleged his due process rights were violated by the confiscation of his property," but he failed to state an actionable due process claim, because "he was provided with an adequate post-deprivation remedy through the Bureau of Prisons' administrative remedy process") (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)); Bowens v. U.S. Dept. of Justice, 415 Fed. App'x 340, 344 (3rd Cir.) (unpublished opinion) (federal prisoner failed to state an actionable Bivens claim based on allegation that "the confiscation of his photographs amounted to a deprivation of property without due process of law," because he "had an adequate post-deprivation remedy," and under Hudson, "deprivation of property by a government employee does not violate due process so long as an adequate post-deprivation system is in place"), cert. denied, 132 S. Ct. 170

(2011); <u>Toney v. Sassaman</u>, No. 4:CV-11-0780 (M.D. Pa 2014), 2014 WL 1056826 at *11 (where

federal prisoner "availed himself both of the BOP Administrative Remedy Program and the BOP's

administrative tort claims procedure," he "had adequate post-deprivation remedies available to him,"

and thus "he fails to state a due process claim upon which relief may be granted, and his <u>Bivens</u>

claims must be dismissed"); <u>Butler v. United States</u>, Civil No. 09-147 (PAM/AJB) (D. Minn. 2009),

2009 WL 3028902 at *2 (federal prisoner could seek relief under the BOP's administrative remedy

procedures, and "[b]ecause a post-deprivation remedy is available, [he] has not suffered a violation

of his due process rights").[2]

In short, Plaintiff's attempt to amend his complaint is futile, because his proposed amended

complaint, (like the original), fails to state a cause of action. Therefore, Plaintiff's Motion to amend

will be denied, and his concomitant motion to vacate the judgment in this case will likewise be

denied. Plaintiff will not be granted leave to amend now or in the future. <u>See</u> <u>Horras v. American</u>

<u>Capital Strategies, Ltd.</u>,729 F.3d 798, 804 (8th Cir. 2013) (post-judgment motions to amend are

"disfavored," and such motions are properly denied for reasons such as "futility of the amendment"),

<u>cert</u>. <u>denied</u>, 134 S. Ct. 1346 (2014).

Based upon the foregoing, and all of the files, records and proceedings herein,

---

[2] Plaintiff seems to believe that he must be entitled to judicial review of his lost property claim, because 28 C.F.R. § 543.32(g), (which Plaintiff mistakenly cites as 28 U.S.C. § 543.32(g)) suggests that a prisoner who is "dissatisfied with the final agency action . . . may file suit in an appropriate U.S. District Court as no further administrative action is available." The Supreme Court obviously was aware of that regulation when it decided <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. 214 (2008), as the regulation was cited in a dissenting opinion, but the Court nevertheless concluded that a federal prisoner has no FTCA claim for wrongful deprivation of property by a BOP employee. This Court finds no reason to reach a different conclusion for a <u>Bivens</u> claim. The regulation does not create a cause of action where federal case law consistently indicates no cause of action exists.

**IT IS ORDERED:**

1.  Plaintiff's "Motion to Amend or Make Additional Findings of Fact Under Fed. R. Civil P. 52(b), and/or to Alter or Amend the Judgment Under Fed. R. Civil P. 59(e)" (Doc. No. 8) is **DENIED**; and

2.  Plaintiff's "Motion for Leave to File an Amendment to the Complaint to Add Party Pursuant to Fed. R. Civ. P. 15(c)(1)(C) (Doc. No. 7) is **DENIED**.

Dated: March 27, 2014

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge